MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Hearn, | No. CV 12-659-PHX-DGC (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| Director Charles Ryan, et al., | |
| Respondents. | |

On March 28, 2012, Petitioner Nathaniel Hearn, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).

**I.   Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.   Petition**

**A.   Background**

On March 6, 2008, Petitioner filed a § 2254 petition in Hearn v. Ryan, 08-CV-448-PHX-DGC, challenging his convictions in Maricopa County Superior Court case #CR2004-6251. In an August 15, 2011 Order (Doc. 49 in 08-CV-448), the Court granted the § 2254

1  petition and directed Respondents to "release Petitioner within sixty (60) days from the date
2  of th[e] Order, unless the State of Arizona commences proceedings to retry him."
3  Respondents appealed to the Ninth Circuit Court of Appeals (Doc. 51 in 08-CV-448). On
4  January 5, 2012, Respondents filed a Motion to Dismiss Appeal in the Ninth Circuit (Doc. 18
5  in 11-17164). Respondents sought to have the appeal dismissed as moot and the August 15th
6  Order vacated because on December 21, 2011, Petitioner pled guilty to robbery in CR2004-
7  6251 and was sentenced to an 8-year term of imprisonment. In a February 14, 2012 Order
8  (Doc. 19 in 11-17164), the Ninth Circuit granted the motion to dismiss, dismissed the appeal,
9  vacated the August 15th Judgment, and remanded that case to this Court for dismissal of the
10  § 2254 petition. The Mandate was issued on March 7, 2012.

11  **B.  Current Petition**

12  In his Petition, Petitioner names Director Charles Ryan as Respondent and the Arizona
13  Attorney General as an Additional Respondent. He raises one ground for relief, asserting
14  that his due process rights have been violated because he is "being held in prison for a
15  sentence which not only has expired but was vacated."[1] Petitioner states that he has not
16  presented this issue to the Arizona appellate courts.

17  **III.  Discussion**

18  Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust
19  remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526
20  U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an
21  opportunity to act on his claims before he presents those claims to a federal court in a habeas
22  petition." O'Sullivan, 526 U.S. at 842. The failure to exhaust subjects the Petition to
23  dismissal. See Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).

24  Before Petitioner may seek habeas corpus relief in this Court he must first present his
25  claims to the state courts and exhaust his state court remedies. The fact that a calculation of

26  ─────────────

27  [1] Petitioner was sentenced to an 8-year term of imprisonment with 2,889 days of
   presentence credit.
28

- 2 -

1  his release date is involved does not shield him from the exhaustion requirement.[2]  Petitioner
2  states that he has not presented his grounds for relief to the Arizona Court of Appeals or
3  Arizona Supreme Court. Thus, this habeas action is premature. The Court will dismiss the
4  case without prejudice.

5  **IT IS ORDERED:**

6      (1)  Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

7      (2)  Petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed**
8  **without prejudice**.

9      (3)  The Clerk of Court must enter judgment accordingly and close this case.

10     (4)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event
11 Petitioner files an appeal, the Court declines to issue a certificate of appealability because
12 reasonable jurists would not find the Court's procedural ruling debatable. See Slack v.
13 McDaniel, 529 U.S. 473, 484 (2000).

14 DATED this 10th day of April, 2012.

*David G. Campbell*
United States District Judge

---

[2] A state-court petition for post-conviction relief can be used if "[t]he person is being held in custody after the sentence imposed has expired." Ariz. R. Crim. P. 32.1(d).